UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAREEM ORONDE SUTTON,

                Plaintiff,

    v.

U.S. FEDERAL GOVERNMENT,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-08324 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

On November 20, 2024, Plaintiff Kareem Oronde Sutton, proceeding *pro se*, filed this action. ECF No. 1 (Complaint). Plaintiff's application to proceed *in forma pauperis* is granted. ECF No. 2 (IFP Motion). However, as set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Similar to the complaint Plaintiff previously filed in another action in this Court, *see* Complaint, *Sutton v. Sutton*, No. 24-cv-8108, (E.D.N.Y. Nov. 19, 2024), ECF No. 1,[1] his Complaint is difficult to make sense of and consists of disparate claims, mostly related to alleged identity theft in some form. For example, Plaintiff alleges:

- "The Federal Government enacted a campaign to make me a human sacrifice after taking over ownership of my device."

- "I was set on fire [on] February 10, 2023."

- "Currently the military has positioned someone in my room (shelter) who is military to monitor . . . my identity."

- "On October 2, 2023, while attending my appointment for Medicare, the military was present to switch my identity with an older Indian man. An

---

[1]     Plaintiff's complaint in the previously filed action alleged, *inter alia*, identity theft and that he was set on fire as a coverup. The Court dismissed the prior action as frivolous on November 25, 2024.

unethical experiment was done on my physical body and my digital legacy intellectual property."

ECF No. 1 at 5–6.[2] Plaintiff seeks "5 Billions [*sic*]" in damages "for 4 years of chattel slavery and foreign/domestic terrorism for my identity (virtual)." *Id.* at 6.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Even under the most liberal reading, Plaintiff's allegations, can only be described as "clearly baseless" and therefore frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see*

---

[2]   The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Quotations from the Complaint standardize formatting and capitalization.

[3]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional.").

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see also Burton v. USA*, No. 21-cv-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations were "irrational"). Having thoroughly reviewed the Complaint, the Court finds that Plaintiff's claims against the Defendant are factually frivolous.

As this is Plaintiff's second action alleging similar claims, the Court cautions him against filing further frivolous complaints. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). If Plaintiff files any additional repetitive, vexatious, and frivolous litigation, the Court may impose an injunction prohibiting Plaintiff from filing any new action seeking *in forma pauperis* status without leave of the Court. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or

duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

Notwithstanding Plaintiff's *pro se* status, the Court will not grant him leave to amend since the Complaint lacks any basis in law or fact. These fundamental defects cannot be cured by amendment and any amendments would therefore be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied as futile); *Burton*, 2022 WL 1093217, at *3 (denying the *pro se* plaintiff leave to amend because "the complaint [was] based on a fanciful factual scenario that could not be cured by amendment").

## CONCLUSION

For the reasons provided herein, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed as frivolous and without leave to amend. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

                */s/ Hector Gonzalez*
                HECTOR GONZALEZ
                United States District Judge

Dated: Brooklyn, New York
       December 6, 2024